UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

---------------------------------------------------------X

BEVERLY MUI TRANG,

                      Plaintiff,

-against-

CONCRIS REALTY CO. &
DIMITRIOS KORONIDS,

                      Defendants.

MEMORANDUM
AND ORDER
05-CV-5441 (RJD)(LB)

---------------------------------------------------------X

RAYMOND J. DEARIE, United States District Judge:

Plaintiff, appearing *pro se*, brings this complaint and order to show cause seeking damages and to enjoin the enforcement an order of eviction entered on June 6, 2005 by the Landlord-Tenant part of the Civil Court of the City of New York, County of Kings. On June 9, 2005, the case was transferred to this Court from the United States District Court, Southern District of New York. The Court grants plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915 solely for the purpose of this Order. Plaintiff's complaint is dismissed. The Court cannot consider her request for a preliminary injunction or temporary restraining order as this Court lacks subject matter jurisdiction over this action. In the alternative, the complaint fails to state a claim on which relief may be granted and is dismissed under 28 U.S.C. § 1915 (e)(2)(B)(ii).

Standard of Review

The Court construes plaintiff's pleadings liberally particularly because they allege civil rights violations. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). However, a plaintiff seeking to bring a lawsuit in

1

federal court must establish that the court has subject matter jurisdiction over this action. See e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-2 (E.D.N.Y. 1999) (dismissing *pro se* plaintiff's complaint for lack of subject matter jurisdiction). Further, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." See Livingston v. Adirondack Beverage Co., 141 F.3d 434 (2d Cir. 1998).

Background

Plaintiff claims that she was married to Walter O'Brien who lived in a rent controlled apartment at 336 93rd Street in Brooklyn (the "subject apartment" or "subject premises") until his demise on January 2, 2001. She alleges that she resided at the subject premises with O'Brien and continued to live there after his death. Defendants sought possession of the subject rent controlled apartment in housing court. Defendants alleged that O'Brien was not married, that only he resided at the subject apartment, that plaintiff was a licensee of O'Brien and that her license to occupy the apartment expired with the death of the rent-controlled tenant. Defendant also alleged that although Mr. O'Brien paid his rent each month, rent has not been paid on the subject apartment since January 2001.

After a trial on April 27, 2005, the housing court rendered a decision on May 5, 2005 awarding a final judgment of possession to defendant Dimitrios Koronios, but stayed the eviction for six months on the condition that plaintiff pay certain monies within ten days of the court's order. When plaintiff failed to pay the monies, a notice of eviction was issued. Plaintiff filed an order to show cause in housing court seeking to stay the eviction on the grounds that she had

2

evidence to prove that she should not be evicted. On June 6, 2005, the housing court granted in part and denied in part plaintiff's order to show cause, stating that the court had afforded plaintiff the opportunity to avoid eviction by paying the use and occupancy for the subject premises and that plaintiff failed to pay said use and occupancy. The court afforded plaintiff until June 8, 2005 to pay defendant the use and occupancy owed from November 2003 to May 2005. Plaintiff again failed to pay and the housing court issued the notice of eviction on June 9, 2005. On June 8, 2005, plaintiff filed the instant complaint and order to show cause.

The Court notes that plaintiff was represented by counsel throughout the state court proceedings and a Cantonese interpreter was provided by the housing court. Plaintiff also submits documents regarding somewhat parallel proceedings in Surrogates Court in which she unsuccessfully sought to reopen the administration of O'Brien's estate.

Subject Matter Jurisdiction

This Court lacks subject matter jurisdiction over this case. Under the Rooker-Feldman doctrine–Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)–a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus.[1] As the Supreme Court recently held, the doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district

---

[1] With the exception of habeas corpus review pursuant to 28 U.S.C. § 2254, the United States Supreme Court is the only federal court that may review a state court's judicial decision. 28 U.S.C. § 1257(a).

3

court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., ___ U.S. ___, 125 S.Ct. 1517, 1521-22 (2005).

Therefore, to the extent plaintiff brings the instant complaint as a means to challenge the orders of the state courts regarding the apartment at 336 93rd Street, Brooklyn, New York, this court lacks jurisdiction to grant plaintiff the relief she seeks. See McAllan v. Malatzky, No. 97 CV 8291, 1998 WL 24369, at *2-3 (S.D.N.Y. Jan. 22, 1998) (no subject matter jurisdiction where plaintiff attempted to recloak his charges regarding a state housing court matter as a violation of his constitutional rights), aff'd, 173 F.3d 845 (2d Cir. 1999); DiNapoli v. DiNapoli, No. 95 Civ.7822, 1995 WL 555740, at *1 (S.D.N.Y. Sept. 19, 1995) (federal courts do not have subject matter jurisdiction over landlord-tenant matters); Chiania v. Broadmoor Associates, No. 94 Civ. 0613, 1994 WL 30412, at *1 (S.D.N.Y. Feb. 2, 1994) (where plaintiff's state court claims were litigated in a long and acrimonious landlord/tenant dispute and were merely "recloaked in constitutional garb," the "constitutional" claim was insufficient to confer jurisdiction).

A review of plaintiff's claims would necessitate a review of the housing court's eviction order. Before this Court could find that plaintiff has been the victim of a discrimination, the Court would have to find that the housing court erred in issuing a warrant for plaintiff's eviction from the subject premises. Thus, plaintiff's claims are "inextricably intertwined" with the housing court decision and this Court lacks subject matter jurisdiction to review plaintiff's claim under the Rooker-Feldman doctrine.

The Court has reviewed plaintiff's complaint and the voluminous documents submitted

in support thereof and finds no basis for a Fair Housing Act ("FHA") claim. 42 U.S.C. § 3601-3631. Affording the plaintiff the liberal reading to which she is entitled, her conclusory allegation of discrimination on the basis of national origin only appears in paragraphs four and five of the complaint. Despite these conclusory allegations, there is no mention that plaintiff is Asian-American in the hundreds of pages of documents plaintiff submitted with the complaint. Rather, the documents make clear that plaintiff is dissatisfied with the process and decision of the housing court. Plaintiff fails to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii).

Furthermore, to the extent that plaintiff alleges violations of her due process rights and the Court liberally construes her complaint as brought under 42 U.S.C. § 1983, her claim must be dismissed. A claim for relief under § 1983 must allege facts showing that the defendant acted under color of state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted). The defendants in the instant action are not state actors, and therefore, plaintiff's complaint against defendants fails to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii).

Conclusion

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). In the alternative, the complaint is dismissed for failure to state a claim on

5

which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
June 14, 2005